#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRIANDUS TABB, #R41511,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00511-SMY |
| | ) |
| **ROB JEFFREYS, and** | ) |
| **WARDEN MITCHELL,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Triandus Tabb, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed this mandamus action against the IDOC Director and the Shawnee Warden with regard to his request for early release from prison. (Doc. 1). This matter is before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen Complaints in civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of the Complaint, that is legally frivolous, malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### Discussion

Tabb alleges that Shawnee officials are not taking proper precautionary measures in response to the COVID-19 pandemic, which has resulted in an unsafe environment. He contends that he meets the requirements for early release from prison and IDOC staff and administration are "being careless and lazy with carrying out their duties properly." He requests an Order directing

IDOC officials to review his request for termination of parole or early release from prison due to the COVID-19 pandemic and Governor Pritzker's Early Release Program for IDOC inmates. (Doc. 1).

Two different federal statutes govern writs of mandamus, and Tabb has cited neither in his Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, federal courts have no authority under these statutes to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) (mandamus relief is not available in federal court against state and local officials) (collecting cases). Under § 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Thus, this Court lacks jurisdiction to issue a writ of mandamus against the Respondents, and the Petition will be dismissed. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Mandamus is **DISMISSED** without prejudice for lack of federal jurisdiction. This dismissal shall not count as a strike under the provision of 28 U.S.C. § 1915(g). *See Hairy v. Lemon*, 656 F.3d 521 (7th Cir. 2011).

If Tabb wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in Fed.R.App.P. 4(a)(1)(A). If Tabb does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App.P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*.  *See* Fed .R. App. P. 24(a)(1)(C).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

                                      *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**